UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
ISHWAR PERSAUD,

        Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
--------------------------------------------------X

REPORT AND
RECOMMENDATION
20 CV 4360 (EK)(RML)

LEVY, United States Magistrate Judge:

By order dated December 12, 2025, the Honorable Eric R. Komitee, United States District Judge, referred plaintiff's motion for attorney's fees to me for report and recommendation.  For the reasons stated below, I respectfully recommend that the motion be granted in part and denied in part, that defendant be directed to disburse $24,321.67 to plaintiff's counsel out of plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b), and that plaintiff's counsel be directed to refund the previously awarded $20,000 under the Equal Access to Justice Act, 28 U.S.C. § 2412.

### BACKGROUND

On September 16, 2020, plaintiff Ishwar Persaud ("plaintiff") brought this lawsuit challenging a decision by the Social Security Administration (the "SSA" or "defendant") denying his application for disability insurance benefits.  (Complaint, filed Sept. 16, 2020 ("Compl."), Dkt. No. 1.)  Following remand to the SSA, an administrative law judge issued a decision in plaintiff's favor and awarded past-due benefits.  Plaintiff's counsel, Christopher J. Bowes, Esq.

("plaintiff's counsel" or "Bowes") now seeks attorney's fees.[1]  (Notice of Motion for Attorney's Fees, dated Dec. 11, 2025 ("Mot."), Dkt. No. 40.)

Plaintiff filed this action for judicial review and reversal of the SSA's final decision denying his claim for benefits.  (See generally Compl.; Declaration of Christopher James Bowes, Esq., dated Dec. 11, 2025 ("Bowes Decl."), Dkt. No. 41, ¶ 9.)[2]  On August 16, 2021, plaintiff entered into a retainer agreement whereby he agreed to pay Bowes "a sum equivalent to one-quarter (i.e., 25%) of all past due benefits" upon securing a favorable determination "as compensation for his legal services."  (Bowes Decl. ¶ 11, Ex. A.)  On August 5, 2022, Judge Komitee granted defendant's motion for judgment on the pleadings and affirmed the ALJ's final decision.  (Id. ¶¶ 12-13; see also Memorandum and Order, dated Aug. 5, 2022, Dkt. No. 23.)  Plaintiff then appealed to the Second Circuit.  (Notice of Appeal, dated Oct. 5, 2022, Dkt. No. 25.)

On November 2, 2023, the Second Circuit issued a summary order vacating the district court's judgment and remanding to the district court with instructions to remand to the SSA for further administrative proceedings.  (Bowes Decl. ¶¶ 16–17; Summary Order, dated Nov. 2, 2023, Dkt. No. 26.)  On February 1, 2024, Bowes moved for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412.  (Motion for EAJA Fees, dated Feb.

---

[1]  Although the motion for attorney's fees is made by plaintiff, plaintiff's counsel is the real party in interest, Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002), and defendant "has no direct financial stake in the outcome of this motion."  (Defendant's Response to Plaintiff's Motion for Attorney's Fees, dated Dec. 29, 2025, Dkt. No. 44, at 1.)  "Rather, the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.'"  (Id. (quoting Gisbrecht, 535 U.S. 798 n.6).)

[2]  Briefly, plaintiff applied for disability insurance benefits on February 7, 2017.  (Bowes Decl. ¶ 4.)  The SSA initially denied his claim, and plaintiff appealed to the administrative law judge ("ALJ").  (Id. ¶ 5.)  Following a hearing on April 5, 2019, the ALJ issued a Notice of Decision denying plaintiff's claim.  (Id. ¶¶ 6–7.)  Plaintiff again appealed but the Appeals Council denied review, rendering the ALJ's decision final.  (Id. ¶ 8.)

1, 2024, Dkt. No. 30.)  The parties thereafter stipulated to plaintiff's recovery of attorney's fees in the amount of $20,000 under the EAJA, which were paid to plaintiff's counsel.  (Stipulation and Order Regarding Attorney's Fees, dated Aug. 13, 2024, Dkt. No. 39; Bowes Decl. ¶¶ 18–19.)

Upon remand, the SSA found that plaintiff was owed past-due benefits of $97,286.67.  (Bowes Decl. ¶ 20; Notice of Award ("Notice of Award"), attached as Ex. C to Bowes Decl., at 21.)  By letter dated November 24, 2025, the SSA informed plaintiff that it had "withheld $24,321.67, which is 25 percent of total past-due benefits to pay an approved attorney fee." (Notice of Award at 22.)  Bowes received a copy of the letter on December 5, 2025 (Bowes Decl. ¶ 23), and he filed the instant motion six days later, on December 11, 2025.  (See generally Mot.)  Bowes asks the court to approve a "contingent attorney fee under 42 U.S.C. § 406(b) of $24,321.67 . . . and [to] direct the Commissioner to pay that amount to [Bowes] from the past due benefits being withheld for that purpose, less the $20,000 in [EAJA] attorney fees, . . . for a net payment of $4,321.67 ($24,321.67 – $20,000 = $4,321.67)."  (Id.)

On December 29, 2025, defendant filed a response to plaintiff's motion for attorney's fees.  (Defendant's Response to Motion for Attorney's Fees, dated Dec. 29, 2025 ("Def.'s Resp."), Dkt. No. 44.)  While defendant does not take a position on the motion, defendant requests that "the Court direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the EAJA, 28 U.S.C. § 2412, in its order resolving Plaintiff's Section 406(b) fee petition."  (Id.)

### DISCUSSION

I.    Timeliness

"Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure."  Miller v. Comm'r of Soc. Sec., No. 20 CV 5214, 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing

3

Sinkler v. Berryhill, 932 F.3d 83, 91 (2d Cir. 2019)).  The fourteen-day period begins to run when "counsel receives notice of the benefits award."  Sinkler, 932 F.3d at 88.  Plaintiff's counsel filed this motion six days after he received the Notice of Award.  (Mot.; Bowes Decl. ¶ 29.)  Therefore, it is timely.

II.        Reasonableness of the Requested Fee

The Social Security Act "allows courts to grant reasonable attorney's fees for successful representation in Social Security Actions[.]"  Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022).  Specifically, "§ 406(b) authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'"  Sinkler, 932 F.3d at 86 (quoting 42 U.S.C. § 406(b)(1)(A)).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (citations omitted).  In assessing whether a requested fee is unreasonable, district courts should consider: (1) "whether the contingency percentage is within the 25% cap," (2) "whether there has been fraud or overreaching in making the agreement," and (3) "whether the requested amount is so large as to be a windfall to the attorney."  Id. at 372; see also Fields, 24 F.4th at 849 (identifying factors for consideration in an unreasonableness inquiry under § 406(b), including "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay,[ ] and c) whether there was fraud or overreaching in the making of the contingency agreement").

4

The court starts with the language of the retainer agreement, which provides for a twenty-five percent contingency fee.  (Bowes Decl. ¶ 11, Ex. A.)  This amount comports with the statutory cap.  See 42 U.S.C. § 406(b)(1)(A).  There is no evidence of fraud or overreaching in the agreement between plaintiff and Bowes.  Bowes has provided a fee application with a detailed summary of his work indicating that he spent 106.4 hours on plaintiff's case.  (Bowes Decl. ¶ 33, Ex. B.)  If evaluated on an hourly basis, the requested fee would yield an hourly rate of $228.59.  (Id.)  This rate is not disproportionate to the time plaintiff's counsel expended and is well within the range of reasonable hourly rates approved in similar contingency fee cases.  See Riccio v. Saul, No. 21 CV 1136, 2024 WL 4336760, at *6 (E.D.N.Y. Sept. 11, 2024) (collecting cases), report and recommendation adopted sub nom. Riccio v. Comm'r of Soc. Sec., 2024 WL 4334376 (E.D.N.Y. Sept. 27, 2024).  Additionally, the court notes that defendant does not object to the proposed fee, taking the position that the question of reasonableness under section 406(b) is for the court to decide.  (Def.'s Resp. at 2.)  "Given that all of the circumstances of the fee application here are fair and reasonable and within the statutory framework, that the award would not provide a problematic windfall to counsel, and in light of the importance of contingency arrangements in ensuring that 'people in need of good lawyers' are able to hire them, the Court finds that counsel's fee request is not unreasonable and should be approved." Lapompe v. Comm'r of Soc. Sec. Admin., No. 21 CV 4160, 2025 WL 624423, at *3 (E.D.N.Y. Feb. 7, 2025) (quoting Fields, 24 F.4th at 849), report and recommendation adopted, 2025 WL 622877 (E.D.N.Y. Feb. 26, 2025).

III.      Previous EAJA Award

"Where a plaintiff's attorney received fees for the same work under the EAJA and 42 U.S.C. § 406(b), counsel must refund to the plaintiff the amount of the smaller fee."  Tastan v. Comm'r of Soc. Sec. Admin., No. 23 CV 1831, 2025 WL 1640539, at *5 (E.D.N.Y. Feb. 20,

5

2025) (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002)).  Here, plaintiff's counsel received an EAJA fee award in the amount of $20,000 and is seeking distribution of $4,321.67 from the SSA.  (Bowes Decl. ¶ 44.)

"Although some out-of-circuit opinions have approved [offsets of the EAJA fee against the 42 U.S.C. § 406(b) award] . . . courts in this Circuit have uniformly denied similar requests to offset section 406(b) fees so as to avoid the reporting of income to the claimant." <u>Reyes v. Berryhill</u>, No. 17 CV 7214, 2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (collecting cases).  As in <u>Reyes</u>, here, Bowes "offers no authority to justify a departure from the plain language of the Savings Provision [in the 1985 amendments to the EAJA], which requires a 'refund,' or from the Supreme Court's directive that 'the claimant's attorney must refund to the claimant the amount of the smaller fee.'"  <u>Id.</u> (first quoting <u>Gisbrecht</u>, 535 U.S. at 796; and then citing <u>Wells v. Bowen</u>, 855 F.2d at 42, 48 (2d Cir. 1988) (ordering counsel to return the lesser of the two fee awards)); <u>see also</u> <u>Munoz v. Comm'r of Soc. Sec.</u>, No. 20 CV 2496, 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023) (ordering counsel to refund lesser EAJA fee to plaintiff upon receipt of section 406(b) award); <u>Gray v. Comm'r of Soc. Sec.</u>, No. 20 CV 3916, 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023) (same); <u>Daniels v. Comm'r of Soc. Sec.</u>, No. 20 CV 430, 2022 WL 2918236, at *4 (E.D.N.Y. July 25, 2022) (same).  Therefore, I respectfully recommend that a fee award of $24,321.67 under 42 U.S.C. § 406(b) be found reasonable, and that plaintiff's counsel be ordered to refund to plaintiff $20,000, the fee amount that counsel received under the EAJA.

<b>CONCLUSION</b>

For the reasons set forth above, I respectfully recommend that the motion be granted in part and denied in part, that plaintiff's counsel be awarded $24,321.67 out of plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b), and that plaintiff's counsel be

6

directed to promptly refund to plaintiff the $20,000 fee amount awarded under the EAJA.  Any

objections to this report and recommendation must be filed electronically within fourteen days.

Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,


_Robert M. Levy_

ROBERT M. LEVY
United States Magistrate Judge


Dated: Brooklyn, New York
        April 23, 2026